UNITED STATES, Appellee

v.

John C. DAVIS, Airman First Class
U.S. Air Force, Appellant.

No. 93–0214.
CMR No. S28457.

U.S. Court of Military Appeals.

Argued Dec. 15, 1993.

Decided June 15, 1994.

For Appellant: *Captain Robert I. Smith* (argued); *Colonel Terry J. Woodhouse* (on brief); *Colonel Jay L. Cohen* and *Lieutenant Colonel Frank J. Spinner.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Richard L. Purdon* and *Colonel Jeffery T. Infelise* (on brief); *Lieutenant Colonel Thomas E. Schlegel.*

*Opinion of the Court*

COX, Judge:

Pursuant to his pleas, appellant was convicted by special court-martial of wrongful appropriation of $800 in currency, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The panel of members sentenced him to a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The convening authority approved this sentence. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated October 5, 1992. We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY PERMITTING THE PROSECUTOR, OVER TIMELY DEFENSE OBJECTION, TO ASK THE VICTIM OF THE CHARGED OFFENSE HOW IT WOULD MAKE HIM FEEL IF APPELLANT WERE TO BE SENTENCED TO NO PUNISHMENT.

Airman First Class Bowen and appellant worked together at Tinker Air Force Base, Oklahoma, and were friends. When Airman First Class Bowen was deployed to Saudi Arabia, he gave appellant a special power of attorney to pay certain bills for him. Upon returning from Saudi Arabia, Airman Bowen discovered appellant had wrongfully appropriated $800 from his checking account. Appellant admitted that offense and eventually repaid Airman Bowen.

At trial, the prosecutor asked Bowen how he was affected by appellant's taking money from his checking account. Bowen responded that he was angry and hurt. He also spoke of the effect of appellant's crime on his unit. The airmen in his unit "bind together," "work as a team, and look out for each other." His squadron members lost "faith in the unwritten system" as a result of appellant's action. Trial counsel also inquired as to Bowen's opinion of appellant's "chance for rehabilitation" and how his relationship with appellant had changed since he had returned from Saudi Arabia. The last question by the prosecution, which the military judge allowed over defense objection, asked how Airman Bowen would feel if appellant received no punishment. Airman Bowen responded:

On a professional level, it would—especially from a professional level, it would pretty much lose the faith in why we have the judicial system and I don't know—I mean even though it appears that his intention was to give the money back before I found out about it the way he presented it, really he needs to have something even if—I'm not one to assess the situation or anything, but it doesn't seem like—I don't know—something should be done.

Appellant argues that Airman Bowen's testimony in response to the question about no punishment is not admissible sentencing evidence for any reasons enumerated in the presentencing evidence rules. RCM 1001, Manual for Courts–Martial, United States, 1984. Appellant asserts Airman Bowen cannot be allowed to testify that a specific severe punishment was appropriate, *United States v. Ohrt*, 28 MJ 301 (CMA 1989), and thus he should not have been allowed to testify that a lenient sentence was inappropriate.

Pursuant to RCM 1001, trial counsel may present the following matters following a finding of guilty:

(i) service data relating to the accused taken from the charge sheet;

(ii) personal data relating to the accused and of the character of the accused's prior service as reflected in the personnel records of the accused;

(iii) evidence of prior convictions, military or civilian;

(iv) evidence of aggravation; and

(v) evidence of rehabilitative potential.

RCM 1001(a)(1)(A).

The Government contends Airman Bowen's testimony addressed crime impact and rehabilitative potential and was properly admitted. Rehabilitative potential is

the process of restoring an individual (as a convict, mental patient, or disaster victim) to a useful and constructive place in society

through some form of vocational, correctional, or therapeutic retraining or through relief, financial aid, or other reconstructive measure.

*United States v. Horner,* 22 MJ 294, 295–96 (CMA 1986) (quoting Webster's Third New International Dictionary, Unabridged 1914 (1981)). Testimony on rehabilitative potential must address "character and potential" of the accused. *United States v. Ohrt,* 28 MJ at 304, *citing* 22 MJ at 296. We do not agree that Airman Bowen's answer to trial counsel's question was a rationally-based opinion of appellant's character and potential for rehabilitation. There was no mention of rehabilitative potential in the question or answer at issue, and the testimony was not admissible pursuant to RCM 1001(b)(5).

■ The Government additionally contends Airman Bowen's response was evidence in aggravation pursuant to RCM 1001(b)(4), concerning the impact of appellant's crime. According to the Discussion to that RCM:

> Evidence in aggravation may include evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

Trial counsel's question asks how Airman Bowen would feel if appellant received no punishment. The question does not call for impact testimony based upon the offense but rather calls for impact testimony based upon the judicial process.

■ Just as opinion testimony as to the propriety of a specific sentence for an accused's offense is not allowed, *United States v. Ohrt,* 28 MJ at 305; *United States v. Horner,* 22 MJ at 296, we are not going to open the door for such testimony regarding no punishment. *See United States v. Reid,* 32 MJ 146, 148 (CMA 1991); *United States v. Wilson,* 31 MJ 91, 92–93 (CMA 1990); *United States v. Kirk,* 31 MJ 84, 89 (CMA 1990); *United States v. Cherry,* 31 MJ 1, 5 (CMA 1990).

■ Nevertheless, under the circumstances, appellant was not prejudiced. Airman Bowen suggested that appellant receive some punishment as opposed to no punishment. Appellant's sentence included a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The panel members obviously were considering severe punishments, and Airman Bowen's testimony that he opposed "no punishment" could hardly be said to have affected the members' deliberations, particularly in light of the totality of Airman Bowen's equivocal testimony.

The decision of the United States Air Force Court of Military Review is affirmed.

Judges CRAWFORD, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring in the result):

A trial should be fair not only to the accused but also to the victim. I know of no case law that would prohibit a victim from pleading for mercy for an accused. Is it not fair then for a victim to express his belief that the system ought to punish the accused? As Justice Potter Stewart has stated several times, "Fairness is what justice really is." D. Shrager and E. Frost, *The Quotable Lawyer* § 71.68 at 158 (1986). Fairness in this case would allow the victim to have his day in court. I find no error here and would rule the victim's response is evidence in aggravation and is admissible under RCM 1001(b)(4), Manual for Courts–Martial, United States, 1984.